## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

**TAMMY MOSELEY**            **PLAINTIFF**

**v.**            **Civil Case No. 3:19-cv-00341-JRW**

**SIGNATURE HEALTHCARE, LLC**            **DEFENDANT**

## ORDER

1. The Court **GRANTS** Signature Healthcare's Motion to Dismiss and Compel Arbitration (DN 8);

2. The Court **DISMISSES** Moseley's Complaint without prejudice (DN 1); and

3. The Court **COMPELS** Moseley to comply with the Arbitration Agreement.

## MEMORANDUM OPINION

Tammy Moseley was a nurse at Signature Healthcare. Before starting her job, she signed an Arbitration Agreement as a condition to her employment. In March 2018, Signature terminated Moseley. Moseley filed a lawsuit in this court claiming her termination was retaliatory for opposing race discrimination under state and federal law.

Signature asks us to dismiss this action and compel arbitration of her claims under the Arbitration Agreement.

\*     \*     \*

The Federal Arbitration Act provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation

of any contract."[1]  It thereby "requires courts to enforce private arbitration agreements."[2]  This includes arbitration agreements between employers and employees.[3]  Kentucky law expressly allows an employer to condition employment on the employee's agreement to arbitrate any future employment disputes.[4]

Moseley signed an Arbitration Agreement in 2015.[5]  She agreed to arbitrate all claims arising from her employment, including Title VII and related state civil rights claims.[6]  She also signed an employment agreement verifying that she had "knowingly and voluntarily executed the arbitration agreement."[7]  Moseley worked for Signature for more than two years without objecting to the agreement.

Moseley claims that the agreement is nevertheless unenforceable because it is substantively and procedurally unconscionable.[8]

## I.

First, Moseley says that the agreement is procedurally unconscionable because it was a condition of her employment.  But this condition is expressly allowed under Kentucky law.[9]

---

[1] 9 U.S.C. § 2.
[2] *New Prime Inc. v. Oliveira*, 139 S.Ct. 532, 536 (2019).
[3] *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).
[4] KRS § 336.700(3)(a) ("Any employer may require an employee or person seeking employment to execute an agreement for arbitration, mediation, or other form of alternative dispute resolution as a condition or precondition of employment.").
[5] DN 8-2.
[6] *Id*.
[7] DN 8-3 at #42.
[8] "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotations and citation omitted).
[9] KRS § 336.700(3)(a).

Moseley also says that Signature did not "properly alert [her] that she was agreeing to arbitrate."[10] But the agreement was a standalone contract clearly marked as an "Arbitration Agreement."[11] It explained that she was "waiving [her] right to have a claim or dispute decided in a court of law or by a jury."[12] It advised her to consult an attorney before signing.[13] That Moseley says she didn't know what arbitration was when she signed the agreement doesn't make it unconscionable.

## II.

Moseley next argues that the agreement is substantively unconscionable because it is prohibitively expensive. She challenges both the prospective costs of arbitration and the filing fee.

## A.

Arbitration provisions requiring parties to split or share the costs of arbitration are prohibitively expensive if they "deter a substantial number of potential litigants from seeking any forum for the vindication of their rights."[14] In our case, the agreement does not deter any litigants from vindicating their rights.

The agreement here stipulates to arbitration under the Rules of Procedure for Employment Arbitration through the American Health Lawyers Association.[15] The Association does not require cost splitting or sharing. Instead, it requires employers to pay all fees and expenses incurred in mandatory arbitration proceedings.[16]

---

[10] DN 11 at #70.
[11] DN 8-2.
[12] *Id.*
[13] *Id.*
[14] *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 658 (6th Cir. 2003) (en banc).
[15] DN 8-2.
[16] DN 11-2.

Moseley would be responsible for those fees only if the arbitrator finds that she doesn't cooperate in the proceedings or if she "abuse[s] . . . the process."[17] These potential fees are too speculative to consider when determining whether arbitration is unconscionable.[18]

**B.**

With regard to the filing fee, the Association's rules require employers to pay the filing fee in mandatory arbitration proceedings if the employee voluntarily files a claim.[19] On the other hand, the employee must pay the filing fee if the arbitration is ordered by a court.[20] In this case, Moseley did not voluntarily file her claim with an arbitrator. And so she will be required to pay the arbitration's filing fee of $1,000-to-$1,200.[21]

Moseley says her net pay is $400 per week, that she has depleted her savings, and that she is unable to afford the filing fee for compelled arbitration.[22] But by asking this Court to invalidate her otherwise-enforceable arbitration agreement, Moseley created the cost she seeks to avoid. Thus, the filing fee provision in this agreement does not "deter a substantial percentage of potential litigants from bringing their claims in the arbitral forum."[23] Rather, the provision merely incentivizes them to arbitrate their claims without filing suit in court – which is what they contracted to do in the first place.

The Court doesn't decide here whether an arbitration agreement whose validity is a close call can include a provision that in effect imposes a $1,000-to-$1,200 penalty on a court challenge

---

[17] *Id*.
[18] *See Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000) ("The 'risk' that [the plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement.").
[19] DN 11-2.
[20] *Id*.
[21] *Id*.
[22] DN 11-3.
[23] *Morrison*, 317 F.3d at 669.

to that agreement. That's not this case. Here, the agreement is beyond question otherwise valid. And so too is the provision penalizing an employee for forcing employers to spend time and money defending the valid agreement in court.

*   *   *

Because all of Moseley's claims must be arbitrated, this action should be dismissed without prejudice.[24]

*Justin R Walker*

Justin R Walker, District Judge
United States District Court

July 13, 2020

---

[24] *See White v. Aetna Life Insurance Company*, No. 3:19-CV-114-CRS, 2019 WL 2288447, at *5 (W.D. Ky. May 29, 2019).